EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 10-170-GWU


JOHN C. SIZEMORE,                                                    PLAINTIFF,


VS.                         **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


**INTRODUCTION**

The plaintiff brought this action to obtain judicial review of an administrative

denial of his applications for Disability Insurance Benefits (DIB) and Supplemental

Security Income (SSI).  The appeal is currently before the court on cross-motions

for summary judgment.


**APPLICABLE LAW**

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

> 1.    Is the claimant currently engaged in substantial gainful activity?
>       If so, the claimant is not disabled and the claim is denied.
>
> 2.    If the claimant is not currently engaged in substantial gainful
>       activity, does he have any "severe" impairment or combination
>       of impairments--i.e., any impairments significantly limiting his
>       physical or mental ability to do basic work activities?  If not, a
>       finding of non-disability is made and the claim is denied.

3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

2

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

<u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. <u>Id.</u> Accord, <u>Johnson v. Secretary of Health and Human Services</u>, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. <u>Gooch v. Secretary of Health and Human Services</u>, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, John C. Sizemore, alleged disability beginning June 15, 2002 due to diabetes, a nerve problem of the right hand, poor vision, heart and kidney problems, and depression.  (Tr. 124).[1]  After he pursued his case through several levels of administrative appeals, including two hearings by an Administrative Law Judge (ALJ), the defendant's Appeals Council eventually determined that he had "severe" impairments consisting of diabetes mellitus with retinopathy, hypertension, and a moderate major depressive disorder.  (Tr. 13).  He retained the residual functional capacity to perform "light" level exertion, along with the following non-exertional restrictions.  He: (1) could have no exposure to dangerous moving machinery, sharp objects, heights, work hazards, or driving duties; (2) could perform no more than "frequent" arm/hand motion with the bilateral upper extremities and no more than frequent operation of hand and foot controls; (3) could only occasionally climb, stoop, bend, crouch, or crawl; (4) was precluded from work

_____

[1]He had previously been found not disabled in a decision by an Administrative Law Judge dated August 25, 2004, which was not further pursued, and the ALJ in the present application applied res judicata, meaning that the earliest date that the plaintiff could have been found disabled was August 26, 2004.  (Tr. 309).

where acute vision was an essential job element; and (5) was limited to work requiring no more than simple, non-detailed tasks where public and coworker contact was casual and infrequent, supervision was direct and non-confrontational and changes in the work place were infrequent and gradually introduced.  (Id.).  A Vocational Expert (VE) was presented with these restrictions, and testified that there were jobs that such a person could perform, including hand assembly, hand packing, production work, room or building cleaner, and vehicle and equipment cleaner.  (Tr. 450-1).  The VE also testified that his testimony was consistent with the Dictionary of Occupational Titles (DOT).  (Tr. 452).  Based on this testimony, the Appeals Council found that the plaintiff was not under a disability.  (Tr. 9-15).

On appeal, the plaintiff's only issue is whether the VE's testimony was in conflict with the DOT.  He cites Social Security Ruling (SSR) 00-4p for the proposition that VE testimony should generally be consistent with the occupational information supplied by the DOT, and notes that certain DOT sections list the jobs of hand packager, building cleaner, and vehicle/equipment cleaner as requiring more than "light" exertion.  See, e.g., DOT 920.587-018 (describing the job of hand packager as "medium"), DOT 891.684-022 (describing the job of building cleaner as requiring "heavy" exertion), and DOT 919.687-014 (describing the job of "cleaner II" as requiring "medium" exertion).

In response, the Commissioner points out that there are other jobs in the DOT which are consistent with the VE's testimony.  DOT 323.687-014 describes the job of housekeeping cleaner and DOT 559.687-074 describes the job of inspector and hand packager both as requiring only "light" level exertion.   Furthermore, although the plaintiff correctly points out that SSR 00-4p requires an ALJ to obtain reasonable explanations for an "apparent conflict" between his testimony and the DOT, the Sixth Circuit has ruled that the ALJ has no affirmative duty under the ruling to conduct an independent investigation into the correctness of the VE's testimony. Lindsley v. Commissioner of Social Security, 560 F.3d 601, 606 (6th Cir. 2009) (citation omitted).  As the defendant points out, the ALJ complied with the ruling by asking if his testimony was consistent with the DOT.  (Tr. 452).  Since no conflicts were "apparent," at the time, SSR 00-4p's requirements were satisfied, according to Sixth Circuit precedent.

The court concludes that substantial evidence supports the administrative decision, which will be affirmed.

This the 23rd day of February, 2011.

Signed By:

**G. Wix Unthank**

**United States Senior Judge**

9